UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| MARK EDWARD LEE, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. 14-1383 |
| J.E. Krueger, Warden | ) ) ) |
| Respondent. | ) ) |

# **OPINION AND ORDER**

This matter is before the Court on Petitioner Mark Edward Lee's ("Lee") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254[1]. As an initial matter, the Court notes that Lee filed his petition pursuant to §2241. However, because Lee does not appear to be challenging the way his sentence is being carried out, but rather appears to be challenging the validity of a state conviction and sentence, the Court has determined that despite its initial designation this is a §2254 petition.

> Section 2244 states
>
> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus…Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2254(a).

Here, Lee filed a §2254 petition challenging his state convictions for a drug offense and two weapons offenses in the United States District Court for the Eastern District of Michigan Southern Division in October 2005. The Court dismissed his petition as untimely in November

2007 and declined to issue a certificate of appealability. Lee appealed to the Sixth Circuit, which also denied a certificate of appealability in June 2008. Lee then applied to the Supreme Court for a writ of certiorari, which was denied in November 2008. See Lee v. Prelesnik, 05-74175, 2009 WL 1689343 (E.D. Mich. June 17, 2009). Lee filed the current §2254 petition challenging the State drug and weapons conviction on September 17, 2014. However, Lee has failed to provide this court with an authorization from a court of appeals allowing Lee to file a second or successive §2254 petition.

In addition, Lee's petition is also untimely as it was filed outside the one year statute of limitations and Lee does not allege that the State created an impediment to filing his petition and does not rely on any new constitutional rule or on any newly discovered evidence. 28 U.S.C. § 2244(d)(1)(B), (C), (D). Accordingly, Lee's §2254[1] is DISMISSED WITHOUT PREJUDICE. This matter is now TERMINATED.

ENTERED this 10th day of October, 2014.

/s/ James E. Shadid
James E. Shadid
Chief United States District Judge